S. GRABFELDER & Co.

v.

D. P. WILLIS.

PROMISSORY NOTE—RELEASE OF SURETY BY EXTENDING TIME OF PAY-MENT.—To release a surety from his obligation, the agreement to extend the time of payment must be such as to prevent the holder of the note from instituting suit thereon during the continuance of such extension. In this case there is no evidence of such an agreement.

APPEAL from the County Court of Jackson county; the Hon. GEO. W. ANDREWS, Judge, presiding. Opinion filed April 14, 1882.

Mr. GREENE P. HARBEN and Mr. R. J. YOUNG, for appellants; as to what agreement is necessary to release the surety, cited Clinton's N. Y. Dig. 2792; Brandt on Guaranty and Suretyship, 408; Gardner v. Watson, 13 Ill. 347; Davis v. The People, 1 Gilm. 409; Crossman v. Wohleben, 90 Ill. 537;

Waters v. Simpson, 2 Gilm. 370; Warner v. Crane, 20 Ill. 148; Warner v. Campbell, 26 Ill. 282; Flynn v. Mudd, 27 Ill. 323; Galbraith v. Fullerton, 53 Ill. 126; Danforth v. Semple, 73 Ill. 170; Woolford v. Dow, 34 Ill. 424; Myers v. First Nat. Bank, 78 Ill. 257; Farwell v. Meyer, 35 Ill. 40; Phares v. Barbour, 49 Ill. 370; Liebrandt v. Myron Lodge, 61 Ill. 81; Silmeyer v. Schaffer, 60 Ill. 479.

Mr. J. B. MAYHAM, for appellee; that if the time of payment is extended without the knowledge or consent of the surety, he is discharged, cited Brandt on Guaranty and Suretyship, 401; Warner v. Crane, 20 Ill. 148; Myers v. First Nat. Bank, 78 Ill. 257.

CASEY, P. J. Appellants brought suit in the County Court of Jackson county, to recover the amount due on a promissory note signed by appellee and one Gil. J. Burr, who is now dead. The defense was that appellee was a surety on the note, and that appellants, after the note became due, for a valuable consideration paid by Burr, the principal debtor, extended the time of the payment thereof for the period of sixty days.

On the trial of the cause the judgment was for appellee.

We have carefully examined the record in this case, and are unable to find any evidence showing that appellants did or were to receive any consideration for an extension of the time of the payment of said note, or that they in any manner contracted to extend the time of payment. To relieve the surety in a case of this character, the agreement to extend the time of payment must be such as to prevent the holder of the note from instituting suit during the continuance of such extension. There is no evidence of such an agreement as that in this record. The verdict of the jury is manifestly against the weight of the evidence, and a new trial should have been awarded. The judgment of the county court is reversed and the cause remanded.

Reversed and remanded.